INN - PROB 22
Rev. 05/04

| | DOCKET NUMBER *(Tran. Court)* |
| | 0755 2:06CR00186 |

## TRANSFER OF JURISDICTION

08 CR 553

DOCKET NUMBER *(Rec. Court)*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
| Melvin Ativia Carter | Northern District Of Indiana | Hammond |
| | NAME OF SENTENCING JUDGE | |
| | Honorable Philip P. Simon | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 9/14/2007 | TO 9/13/2009 |

OFFENSE
BANK FRAUD

*(RECEIVED / JUN 23 2008 / U.S. PROBATION OFFICE / CHICAGO, IL)*

*(JUDGE ANDERSEN)*

*(MAGISTRATE JUDGE DENLOW)*

*(FILED / 7-31-08 / JUL 31 2008 / MICHAEL W. DOBBINS / CLERK, U.S. DISTRICT COURT)*

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana _____

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or
or supervised releasee named above be transferred with the records of this Court to the United States
District Court for the _____ NORTHERN DISTRICT OF ILLINOIS _____ upon that Court's order
of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or
supervised release may be changed by the District Court to which this transfer is made without further
inquiry of this court.*

    6·12·08
    _____
    *Date*

    _____
    *United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ NORTHERN _____ DISTRICT OF _____ ILLINOIS _____

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised
releasee be accepted and assumed by this Court from and after the entry of this order.

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

_____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

    JUL 11 2008        JUL 21 2008
    _____
    *Effective Date*

    James F. Holderman
    _____
    *United States District Judge*



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS                                              312-435-5698

**July 21, 2008**

Northern District of Indiana

U.S. District Court

Office of the Clerk

United States Courthouse,
Suite 2300
5400 Federal Plaza
Hammond, IN 46320

**FILED**

JUL 2 4 2008

At _____ M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Dear Clerk:

**Re:  0755 2:06CR00186     USA v. Melvin Ativia Carter     Judge Phillip P. Simon**

Our Case Number:   08 CR 553   -   Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with  the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:  _____

Marsha E. Glenn
Deputy Clerk

Enclosure

H8, TERMED

## U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CRIMINAL DOCKET FOR CASE #: 2:06-cr-00186-PPS-APR All Defendants
### Internal Use Only

Case title: United States of America v. Carter

Date Filed: 09/22/2006
Date Terminated: 09/18/2007

Assigned to: Judge Philip P Simon
Referred to: Magistrate Judge Andrew P Rodovich

**Defendant (1)**

**Melvin A Carter**
*TERMINATED: 09/18/2007*

represented by **Jerry L Peteet**
Jerry Lee Peteet & Associates
201 East 5th Avenue Suite A
Gary, IN 46402
219-882-3424
Fax: 219-882-5939
Email: modeba@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

| **Pending Counts** | **Disposition** |
|---|---|
| 18:371 & 2(a) CONSPIRACY TO COMMIT WIRE AND BANK FRAUD; AIDING AND ABETTING (1) | Probation of 2 years, home detention of 6 months. Special assessment of $100.00. No fine imposed. Restitution total of $4,019.98 (Bank One & ABN AMRO North America) payable at the minimum rate of $111.67 per month, joint and several with Precious Martin (0755-2:05 CR 160). |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1343 & 2(a) WIRE FRAUD; AIDING AND ABETTING | Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by leave of Court, count 2 is DISMISSED |

(2)

18:1344 & 2(a) BANK FRAUD;
AIDING AND ABETTING
(3)

agnst dft Melvin A. Carter.

Pursuant to Rule 48(a) of the Federal
Rules of Criminal Procedure and by
leave of Court, count 3 is DISMISSED
agnst dft Melvin A. Carter.

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| United States of America | represented by | **Clarence Butler - AUSA, Jr** |
|---|---|---|

**Clarence Butler - AUSA, Jr**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5659
Fax: 219-852-2770
Email: USAINN.ECFCivil@usdoj.gov
*TERMINATED: 04/23/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel L Bella - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5500
Fax: 219-852-2770
Email: daniel.bella@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2006 | 1 | INDICTMENT as to Melvin A Carter (1) count(s) 1, 2, 3. (efc, ) (Entered: 09/22/2006) |
| 09/22/2006 | 2 | Warrant Issued in case as to Melvin A Carter. (efc, ) (Entered: 09/22/2006) |
| 12/07/2006 | | Arrest of Melvin A Carter (plm, ) (Entered: 12/07/2006) |
| 12/07/2006 | 3 | INITIAL APPEARANCE as to Melvin A Carter held on 12/7/2006 before Judge Andrew P Rodovich. Govt appeared by AUSA Nicholas Padilla. Dft appeared w/o Atty. Janice Lawton appeared on behalf of U S Probation/Pretrial Services. Dft advised of constitutional rights, charges, penalties. Dft requests court-appointed counsel. Dft sworn re financial status. |

| | | |
|---|---|---|
| | | Request GRANTED. Bond set in the amount of $20,000 unsecured w/o supervision. Arraignment set for 12/11/2006 02:00 PM in Hammond before Magistrate Judge Andrew P Rodovich. Dft RELEASED.(Digitally Recorded.) (plm, ) (Entered: 12/07/2006) |
| 12/07/2006 | | Judge update in case as to Melvin A Carter. Judge Andrew P Rodovich added. (plm, ) (Entered: 12/07/2006) |
| 12/07/2006 | 4 | Appearance Bond Entered as to Melvin A Carter in amount of $ 20,000. (plm, ) (Entered: 12/07/2006) |
| 12/07/2006 | 5 | Warrant Returned Executed on 12/07/06 in case as to Melvin A Carter. (efc, ) (Entered: 12/07/2006) |
| 12/11/2006 | 6 | CJA 20 as to Melvin A Carter: Appointment of Attorney Jerry L Peteet for Melvin A Carter on 12/11/06. (plm, ) (Entered: 12/11/2006) |
| 12/11/2006 | 7 | ARRAIGNMENT as to Melvin A Carter (1) Count 1,2,3 held on 12/11/2006 before Judge Andrew P Rodovich. Govt appeared by AUSA Toi Houston. Dft appeared with atty Jerry Peteet. Dft waives reading of Indictment and pleads NOT GUILTY to all counts. Arraignment Order attached to this minute setting forth deadlines/hearings. Pretrial Motions due by 1/11/2007. Jury Trial (4th setting) set for 2/12/2007 08:30 AM in Hammond before Judge Philip P Simon. Final Pretrial Conference set for 1/26/2007 08:45 AM in Hammond before Magistrate Judge Andrew P Rodovich. Dft RELEASED. (Digitally Recorded.) (plm, ) (Entered: 12/11/2006) |
| 01/26/2007 | 8 | PRETRIAL CONFERENCE as to Melvin A Carter held on 1/26/2007 before Judge Andrew P Rodovich. Govt appeared by AUSA Daniel Bella. Dft appeared by atty Jerry Peteet. Govt informs court it will be filing a motion to continue the trial setting of 2/12/2007. Court advises motion will be granted. (plm) (Entered: 01/31/2007) |
| 02/07/2007 | 9 | MOTION to Continue *Trial Date* by United States of America as to Melvin A Carter. (Bella - AUSA, Daniel) (Entered: 02/07/2007) |
| 02/09/2007 | 10 | ORDER granting the Government's 9 Motion to Continue the Trial Date as to Melvin A Carter (1). Jury Trial set for 4/9/2007 08:30 AM in Hammond before Judge Philip P Simon as a 4th setting. Final Pretrial Conference set for 3/23/2007 03:00 PM in Hammond before Magistrate Judge Andrew P Rodovich.Plea Agreement due by 4/2/2007. Signed by Judge Andrew P Rodovich on 2/9/07. (sda) (Entered: 02/13/2007) |
| 03/28/2007 | 11 | NOTICE OF HEARING as to Melvin A Carter. Final Pretrial Conference reset for 3/30/2007 09:30 AM in Hammond before Magistrate Judge Andrew P Rodovich. (plm) (Entered: 03/28/2007) |
| 03/30/2007 | 12 | PLEA AGREEMENT as to Melvin A Carter (Bella - AUSA, Daniel) (Entered: 03/30/2007) |
| 03/30/2007 | 14 | (SCHEDULED AS) FINAL PRETRIAL CONFERENCE as to Melvin A Carter on 3/30/2007 before Judge Andrew P Rodovich. Govt appeared by AUSA Daniel Bella. Dft appeared by atty Jerry Peteet. Parties state a plea agreement has been reached and that a date for the change of plea will be |

|  |  | obtained from the District Court. (plm) (Entered: 04/04/2007) |
|---|---|---|
| 04/02/2007 | 13 | NOTICE OF HEARING as to Melvin A Carter: Change of Plea Hearing set for 4/5/2007 02:15 PM in Hammond before Judge Philip P Simon. (nac) (Entered: 04/02/2007) |
| 04/05/2007 | 15 | CHANGE OF PLEA HEARING as to Melvin A Carter held on 4/5/2007 before Judge Philip P. Simon. Gov't present by Daniel Bella, AUSA. Dft in person and by cnsl Jerry Peteet. U.S. Probation Officer J. Lawton is present in person. Dft advised of Constitutional rights, charges and penalties. Plea entered by Melvin A Carter: Guilty as to Count 1. Court orders judgment of guilty entered upon the dft's plea of guilty to count 1 of the Indictment. Plea of guilty is accepted by the Court. Court reserves acceptance of plea agreement pending a review of the Presentence Investigation Report. Referred to U.S. Probation Office for PSI Rpt. Sentencing set for 7/11/2007 09:00 AM in Hammond before Judge Philip P Simon. The trial date of 4/9/2007 is VACATED from the Court calendar of Judge Philip P. Simon. (Court Reporter Sharon Boleck-Mroz.) (nac) (Entered: 04/05/2007) |
| 04/05/2007 | | Terminate Deadlines and Hearings as to Melvin A Carter. (nac) (Entered: 04/05/2007) |
| 04/13/2007 | 16 | MOTION to Withdraw as Attorney by Clarence Butler, Jr. by United States of America as to Melvin A Carter. (Butler - AUSA, Clarence) (Entered: 04/13/2007) |
| 04/23/2007 | 17 | ORDER granting 16 Motion to Withdraw as Attorney. Clarence Butler - AUSA, Jr withdrawn from case as to Melvin A Carter (1). Signed by Judge Philip P Simon on 4/23/07. (csi) (Entered: 04/23/2007) |
| 06/05/2007 | 18 | NOTICE OF HEARING as to Melvin A Carter: Sentencing RESET for 9/14/2007 09:00 AM in Hammond before Judge Philip P Simon. The previous sentencing date of 7/11/2007 is VACATED on the Court calendar of Judge Philip P. Simon. (nac) (Entered: 06/05/2007) |
| 09/14/2007 | 19 | SENTENCING held on 9/14/2007 for Melvin A Carter before Judge Philip P. Simon. Gov't present by Daniel Bella, AUSA. Dft in person and by cnsl Jerry Peteet. U.S. Probation Officer J. Lawton is also present. Court imposes guideline sentence. Dft sentenced on count 1: Probation of 2 years, home detention of 6 months. Special assessment of $100.00. No fine imposed. Restitution total of $4,019.98, $2,619.98 to Bank One and $1,400.00 to ABN AMRO North America. The restitution is due immediately, if the dft is unable to pay immediately, then payable at the minimum rate of $111.67 per month, joint and several with Precious Martin (0755-2:05 CR 160). Gov't to file motion/form order to dismiss counts 2 and 3. Dft advised of rights to an appeal. Cnsl reminded of duty to perfect appeal, should client wish. (Court Reporter Sharon Boleck-Mroz.) (nac) (Entered: 09/14/2007) |
| 09/14/2007 | 20 | MOTION to Dismiss *Counts 2 and 3 of the Indictment* by United States of America as to Melvin A Carter. (Bella - AUSA, Daniel) (Entered: 09/14/2007) |
| 09/14/2007 | 21 | ORDER granting 20 Motion to Dismiss (counts 2 and 3) as to Melvin A |

| | | |
|---|---|---|
| | | Carter. Signed by Judge Philip P Simon on 9/14/2007. (nac) (Entered: 09/14/2007) |
| 09/18/2007 | 22 | JUDGMENT as to Melvin A Carter. Signed by Judge Philip P Simon on 9/17/2007. (nac) (Entered: 09/18/2007) |
| 06/12/2008 | 23 | ORDER TRANSFERRING JURISDICTION to USDC Northern District of Illinois as to Melvin A Carter. Signed by Judge Philip P Simon on 6/12/08 and awaiting acceptance by the other District Court. (Originals to USPO) (mc) (Entered: 06/13/2008) |
| 07/24/2008 | 24 | Jurisdiction Transferred to Northern District of Illinois as to Melvin A Carter. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (mc) (Entered: 07/24/2008) |

FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

06 SEP 22 PM 12: 30

S...... ....ERK
U....
FOR TH... ....DISTRICT
O..... .........

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CAUSE NO: |
| | ) | |
| v. | ) | 18 U.S.C. § 371  2 : 06 CR 186 PS |
| | ) | 18 U.S.C. § 1343 |
| MELVIN A. CARTER | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 2(a) |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

From in or about at least September 26, 2004, and continuing into at least September 28, 2004, the exact dates being unknown to the Grand Jury, in the Northern District of Indiana, and elsewhere,

### MELVIN A. CARTER,

defendant herein, unlawfully, willfully and knowingly did combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to commit wire and bank fraud against the United States by the following means:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK

By _____
DEPUTY CLERK

Date _____ 7/24-08

1

## OBJECT OF THE CONSPIRACY

**INTRODUCTION**

1.  Bank One was a financial institution engaged in interstate commerce and had offices and bank branches in Illinois.

2.  Bank One was a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC").

3.  The defendant, Melvin A. Carter, had a checking account at Bank One located in the State of Illinois.  Furthermore, Melvin A. Carter had a Bank One bank card for this account.

4.  Harrah's Casino was a gambling casino located in East Chicago, Indiana.

5.  Global Cash Access was a business based in Las Vegas, Nevada and was engaged in interstate commerce.  Global Cash Access processed and cleared electronic fund transfers for various banks and other facilities located throughout the United States.

6.  All processing and clearing of electronic fund transfers by Global Cash Access, which were done for Harrah's Casino, involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana and across various state boundary lines.

7.  As part of the routine course of business at Harrah's Casino, individuals wishing to gamble could obtain a cash advance on either their credit card or through a debit to their bank debit card.

8.  To obtain a cash advance with a credit card, an individual would have to present a valid credit card to casino officials and request a cash advance in a specific dollar amount.

2

9.    To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

10.    With either a cash advance with a credit card, or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (e.g., requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Nevada by interstate wire to Global Cash Access. Global Cash Access would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Cash Access would either approve or disapprove the request. This approval or denial was then wired back to the Harrah's Casino located in the State of Indiana.

11.    If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This check was then cashed by the Casino and the funds were given to the individual.

**B.    PURPOSE OF THE SCHEME AND ARTIFICE**

12.    In or about September 2004, the defendant devised and intended to devise a scheme and artifice to attempt to defraud Bank One and Harrah's Casino by obtaining and attempting to obtain money and funds of Bank One and Harrah's Casino that the defendant was not legally entitled to.

3

C.    **THE SCHEME AND ARTIFICE**

OVERT ACTS

As part of this scheme and artifice, Melvin A. Carter, did

13.    Knowingly plan to deposit into his Bank One checking account a fraudulent check drawn on Washington Mutual Bank and attempt to take a cash advance on that check prior to the discovery by Bank One, or Harrah's Casino that, in fact, the check deposited into his Bank One checking account was fraudulent.

14.    On or about September 27, Melvin A. Carter did cause to be deposited into his Bank One checking account a check in the amount $3,5000.00 which was drawn on an account of Washington Mutual Bank.  The purpose of this deposit was to fraudulently inflate the available account balance so that a cash advance could be taken against this amount.

15.    That on or about September 28, 2004, Melvin A. Carter did travel to the Harrah's Casino in East Chicago, Indiana and attempt to use the funds from this $3,500.00 fraudulent check to engage in a $1,500 and $1000 debit card transaction.

16.    That Melvin A. Carter did present his Bank One debit card to Harrah's Casino officials and request that his checking account be debited for $1,500.00 and $1,000 that he be given approximately $2,500.00 in cash from the two transactions.

4

## D.    THE (WIRE) COMMUNICATION

On or about September 28, 2004, in the Northern District of Indiana,

### MELVIN A. CARTER

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from Harrah's Casino located in East Chicago, Indiana, to Global Cash Access, in Las Vegas, Nevada, by means of a wire communication, certain signals, that is, electronic data and information, which was necessary to complete a $1,500.00 and $1,000 cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 371 and 2(a).

**THE GRAND JURY FURTHER CHARGES:**

## <u>COUNT 2</u>

On or about from at least September 26, 2004 through September 28, 2004 in the Northern District of Indiana,

### MELVIN A. CARTER

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from Harrah's Casino located in East Chicago, Indiana, to Global Cash Access, in Las Vegas, Nevada, by means of a wire communication, certain signals, that is, electronic data and information, which was necessary to complete a $1,500.00 and $1,000 cash back debit card transaction;

6

## OBJECT OF THE CONSPIRACY

**INTRODUCTION**

1.  Bank One was a financial institution engaged in interstate commerce and had offices and bank branches in Illinois.

2.  Bank One was a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC").

3.  The defendant, Melvin A. Carter, had a checking account at Bank One located in the State of Illinois. Furthermore, Melvin A. Carter had a Bank One bank card for this account.

4.  Harrah's Casino was a gambling casino located in East Chicago, Indiana.

5.  Global Cash Access was a business based in Las Vegas, Nevada and was engaged in interstate commerce. Global Cash Access processed and cleared electronic fund transfers for various banks and other facilities located throughout the United States.

6.  All processing and clearing of electronic fund transfers by Global Cash Access, which were done for Harrah's Casino, involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana and across various state boundary lines.

7.  As part of the routine course of business at Harrah's Casino, individuals wishing to gamble could obtain a cash advance on either their credit card or through a debit to their bank debit card.

8.  To obtain a cash advance with a credit card, an individual would have to present a valid credit card to casino officials and request a cash advance in a specific dollar amount.

9.  To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

10.    With either a cash advance with a credit card, or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (e.g., requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Nevada by interstate wire to Global Cash Access. Global Cash Access would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Cash Access would either approve or disapprove the request. This approval or denial was then wired back to the Harrah's Casino located in the State of Indiana.

11.    If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This check was then cashed by the Casino and the funds were given to the individual.

**B.    PURPOSE OF THE SCHEME AND ARTIFICE**

12.    In or about September 2004, the defendant devised and intended to devise a scheme and artifice to attempt to defraud Bank One and Harrah's Casino by obtaining and attempting to obtain money and funds of Bank One and Harrah's Casino that the defendant was not legally entitled to.

## C.    THE SCHEME AND ARTIFICE

### OVERT ACTS

As part of this scheme and artifice, Melvin A. Carter, did

13.    Knowingly plan to deposit into his Bank One checking account a fraudulent check drawn on Washington Mutual Bank and attempt to take a cash advance on that check prior to the discovery by Bank One, or Harrah's Casino that, in fact, the check deposited into his Bank One checking account was fraudulent.

14.    On or about September 27, Melvin A. Carter did cause to be deposited into his Bank One checking account a check in the amount $3,5000.00 which was drawn on an account of Washington Mutual Bank.  The purpose of this deposit was to fraudulently inflate the available account balance so that a cash advance could be taken against this amount.

15.    That on or about September 28, 2004, Melvin A. Carter did travel to the Harrah's Casino in East Chicago, Indiana and attempt to use the funds from this $3,500.00 fraudulent check to engage in a $1,500 and $1,000 debit card transaction.

16.    That Melvin A. Carter did present his Bank One debit card to Harrah's Casino officials and request that his checking account be debited for $1,500.00 and $1,000.00 that he be given approximately $2,500.00 in cash from the two transactions.

**D.    THE (WIRE) COMMUNICATION**

On or about September 28, 2004, in the Northern District of Indiana,

**MELVIN A. CARTER**

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from Harrah's Casino located in East Chicago, Indiana, to Global Cash Access, in Las Vegas, Nevada, by means of a wire communication, certain signals, that is, electronic data and information, which was necessary to complete a $1,500.00 and $1,000 cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 371 and 2(a).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 2**

On or about from at least September 26, 2004 through September 28, 2004 in the Northern District of Indiana,

**MELVIN A. CARTER**

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from Harrah's Casino located in East Chicago, Indiana, to Global Cash Access, in Las Vegas, Nevada, by means of a wire communication, certain signals, that is, electronic data and information, which was necessary to complete a $1,500.00 and $1,000 cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 1343 and 2(a).

11

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 3

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 16 of Count

One of this indictment.

2.    On or about September 28, 2004, in the Northern District of Indiana,

### MELVIN A. CARTER

the defendant herein, for the purpose of executing the above-described scheme and attempting to do

so, did knowingly use a Bank One debit card to attempt to engage in the unauthorized withdrawal

of $1,500.00 from Bank One, a financial institution insured by the Federal Deposit Insurance

Corporation (FDIC);

All in violation of Title 18, United States Code, Section 1344 and 2(a).

A TRUE BILL:

s/ Foreperson
FOREPERSON

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By:    s/ CLARENCE BUTLER, JR .
Clarence Butler, Jr.
Assistant United States Attorney

12

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| NORTHERN | District of | INDIANA |

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |

| | Case Number: | 2:06 CR 186 PS |
| MELVIN A. CARTER | USM Number: | 09070-027 |
| | Jerry L. Peteet | UNITED STATES DISTRICT COURT |
| | Defendant's Attorney | NORTHERN DISTRICT OF INDIANA |

I hereby certify that the foregoing is a true copy of the original on file in this court and cause.

STEPHEN R. LUDWIG, CLERK

By _____

DEPUTY CLERK

Date 7-24-08

## THE DEFENDANT:

x  pleaded guilty to count(s)        1

☐  pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐  was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy to Commit Bank Fraud | 9/17/2004 | 1 |

        The defendant is sentenced as provided in pages 2 through     5     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

x Count(s)    2 and 3 _____    ☐ is    x  are  dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 14, 2007
Date of Imposition of Judgment

S/Philip P. Simon
Signature of Judge

Philip P. Simon, U.S. District Court Judge
Name and Title of Judge

September 17, 2007
Date

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 4—Probation

|  |  |  |  |
|---|---|---|---|
| | | Judgment—Page | 2 of 5 |

DEFENDANT:    MELVIN A. CARTER
CASE NUMBER:    2:06 CR 186 PS

# PROBATION

The defendant is hereby sentenced to probation for a term of :    **2 years**

The defendant shall not commit another federal, state or local crime.

    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests per month thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
       future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
       student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.    The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2.    The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4.    The defendant shall support the defendant's dependents and meet other family responsibilities.

5.    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6.    The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.

7.    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.

9.    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10.    The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11.    The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.    The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15.    The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
         Sheet 4C — Probation

DEFENDANT:       MELVIN A. CARTER
CASE NUMBER:     2:06 CR 186 PS

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay any financial penalty that is imposed by this judgment.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall participate in a drug aftercare treatment program under a co-payment plan which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer.

The defendant shall participate in a co-payment program to offset the cost of treatment. The co-payment amount is based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale For Monthly Co-Payment.

While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7.

The defendant shall be placed on home detention for a period of 6 months, to commence immediately. During this time, the defendant shall remain at his place of residence, except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any "call forwarding", "Caller ID", "call waiting", modems, answering machines, cordless telephones or other special services for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.

The defendant is to pay the cost of electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be made based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale For Monthly Co-Payment. Changes to the established rate can be made by the probation officer subject to supervisory approval.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page 4 of 5 |

**DEFENDANT:**       MELVIN A. CARTER
**CASE NUMBER:**    2:06 CR 186 PS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  100.00 | $  none | $  4,019.98 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Hammond, Indiana 46320 for the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **Bank One** | $2,619.98 | $2,619.98 | |
| ABN AMRO North America | $1,400.00 | $1,400.00 | |

| **TOTALS** | $ | 4,019.98 | $ | 4,019.98 |
|---|---|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement   $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the    ☐ fine   X restitution.

   ☐  the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
 •   Sheet 6 — Schedule of Payments

Judgment — Page  5  of  5

DEFENDANT:      MELVIN A. CARTER
CASE NUMBER:    2:06 CR 186 PS

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   X   Lump sum payment of $  4,119.98  due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance   ☐ C,   ☐ D,   ☐   E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   x   Special instructions regarding the payment of criminal monetary penalties:

Payment of restitution:  Bank One $2,619.98  ABN AMRO North America $1,400.00.
Payment is ordered in a joint and several liability with Precious Martin, docket number 0755: 2:05 CR 160.
Payments to be made to the Clerk, U.S. District Court, 5400 Federal Plaza, Hammond, Indiana 46320 at a minimum rate of $111.67 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Precious Martin - 0755: 2:05 CR 160 (01)

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.